*42 Vroom.* Ising v. Philadelphia and Reading R. R. Co.

PERCY M. ISING v. THE PHILADELPHIA AND READING
RAILROAD AND THE CENTRAL RAILROAD OF NEW
JERSEY.

Argued June 7, 1904—Decided November 7, 1904.

A verdict based upon a total or a permanent loss of earning power,
will not be permitted to stand when the testimony most favorable
to the plaintiff will not sustain such an inference.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON
and SWAYZE.

For the plaintiff, *Craig A. Marsh.*

For the defendant, *Lindabury, Depue & Faulks.*

The opinion of the court was delivered by

GARRISON, J. The verdict in this case for $10,000 can be
reconciled with a dispassionate discharge of its duty by the
jury only by assuming that a large part of the verdict is for a
permanent and very considerable loss of earning power. This,
however, is not a legitimate inference from the testimony.
The plaintiff had at the time of the trial, which was a year
after the accident, so far recovered his capacity to earn money
that he had resumed his old position, one of responsibility,
involving the direction of thirty subordinates, and was receiv-
ing exactly the same compensation for his services as before
his accident. Dr. Hammond, who was called by the plaintiff,
gave it as his opinion that the nervous prostration, which was
the main sequela of the accident, would last for six or seven
years. Giving to the testimony most favorable to the plaint-
iff's measure of damage its fullest significance, it does not
warrant the inference of such a loss of earning power as this
verdict implies. The erroneous result reached by the jury

need not, however, necessarily deprive the plaintiff of his verdict if he elects to reduce it to a sum that the testimony will support. The rule to show cause will be made absolute unless the plaintiff elects to enter judgment for $6,000.